UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Joel Hagen,

Petitioner,

vs.                                                    REPORT AND RECOMMENDATION

United States of America,

Respondent.                    Civ. No. 06-2462 (DSD/RLE)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

I. <u>Introduction</u>

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. § 636(b)(1)(B), upon the Petition of Joel Hagen for a Writ of Habeas Corpus under Title 28 U.S.C. § 2241. For reasons which follow, we recommend that the Petition for a Writ of Habeas Corpus be summarily dismissed, for lack of jurisdiction, pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

--------

[1]Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must
(continued...)

I.  <u>Factual and Procedural Background</u>

In November of 1999, the Petitioner pled guilty to Federal criminal charges that had been brought against him in the United States District Court for the Western District of Wisconsin.  He was sentenced to an aggregate prison term of one hundred and fifty-five (155) months, and an additional five (5) years of supervised release.  The Petitioner's sentence included a thirty (30) month enhancement under Section 2D1.1(b)(1) of the United States Sentencing Guidelines, based upon the Trial Court's determination, at sentencing, that the Petitioner had possessed a dangerous weapon in connection with his drug offense.  The Petitioner is currently serving his prison sentence at the Federal Medical Center, in Rochester, Minnesota.  See <u>Petition</u>, <u>Docket No. 1</u>, pp. 1-2, at ¶¶1-4.

After the Petitioner was convicted and sentenced, he filed a direct appeal in the United States Court of Appeals for the Seventh Circuit, which challenged his thirty-

---

[1](...continued)

dismiss the petition and direct the clerk to notify the petitioner."  Although the Rules governing Section 2254 Cases are most directly applicable to Habeas Petitions filed by State prisoners pursuant to Title 28 U.S.C. §2254, they also may be applied to Habeas cases brought under Title 28 U.S.C. § 2241.  Rule 1(b); <u>Mickelson v. United States</u>, Civil No. 01-1750 (JRT/SRN), 2002 WL 31045849 at *2 (D. Minn., September 10, 2002); <u>Bostic v. Carlson</u>, 884 F.2d 1267, 1270, n.1 (9th Cir. 1989); <u>Rothstein v. Pavlick</u>, 1990 WL 171789 at *3 (N.D. Ill., November 1, 1990).

month sentence enhancement.  He claimed that the sentence enhancement was invalid because: 1) the Trial Judge had wrongly assigned him the burden of proving that he did not possess a weapon in connection with his drug offense; and 2) even if the burden of proof on the weapon possession issue was properly assigned to him, he had presented sufficient evidence to satisfy that burden.  The Court of Appeals rejected both of those claims on their merits, and upheld the Petitioner's conviction and sentence.  United States v. Bjorkman, 270 F.3d 482, 492-94 (7th Cir. 2001), cert. denied, 535 U.S. 1095 (2002).

The Petitioner later filed a Motion in the Trial Court, seeking relief under Title 28 U.S.C. § 2255.  That Motion was denied "and no appellate review was granted." Petition, Docket No. 1, p. 2, at ¶7.

The Petitioner is now attempting to challenge his sentence -- once again -- in his current Habeas Corpus Petition, under Title 28 U.S.C. §2241.  In his current Petition, the Petitioner contends that the United States Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), causes him to be "actually innocent" of the thirty-month sentence enhancement imposed by the Trial Judge.

In view of the Record presented, and the governing law of this Circuit, we find that the Petitioner cannot raise his current challenge to his sentence in a Habeas Corpus Petition under the provisions of Title 28 U.S.C. §2241.

### III.  Discussion

As a general rule, a Federal prisoner can maintain a collateral challenge to his conviction, or sentence, only by filing a Motion in the Trial Court pursuant to Title 28 U.S.C. §2255.  Abdullah v. Hedrick, 392 F.3d 957, 959 (8th Cir. 2004), cert. denied, --- U.S. ---, 125 S.Ct. 2984 (2005).  The fifth paragraph of Section 2255 provides as follows:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section [i.e., Section 2255], shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

In effect, a Motion before the Sentencing Court, under Section 2255, is the exclusive remedy available to a Federal prisoner who is asserting a collateral challenge to his conviction or sentence.  Hill v. Morrison, 349 F.3d 1089, 1091 (8th Cir. 2003)("It is well settled a collateral challenge to a federal conviction or sentence must generally be

raised in a motion to vacate filed in the sentencing court under [Section] 2255 * * * and not in a habeas petition filed in the court of incarceration * * * under [Section] 2241."). No Court has jurisdiction to hear such a challenge, under Title 28 U.S.C. §2241, or otherwise, unless the Petitioner has affirmatively demonstrated that the remedy provided by Section 2255 "'is inadequate or ineffective to test the legality of * * * [his] detention.'" DeSimone v. Lacy, 805 F.2d 321, 323 (8th Cir. 1986), quoting Title 28 U.S.C. §2255; see also, Von Ludwitz v. Ralston, 716 F.2d 528, 529 (8th Cir. 1983)(same). The "inadequate or ineffective remedy" exception is sometimes called the "savings clause," see, Abdullah v. Hedrick, supra at 959, because, when it applies, it can save a Section 2241 Habeas Petition from being dismissed under the Section 2255 exclusive remedy rule.

Here, the Petitioner is clearly challenging the validity of the sentence imposed following his Federal criminal conviction in 1999. Therefore, the Court finds that the present Habeas Corpus Petition is plainly subject to, and barred by, Section 2255's exclusive remedy rule, which means that the Petitioner cannot pursue his current claims for relief in a Section 2241 Habeas Petition, unless the remedy provided by Section 2255 is found to be "inadequate or ineffective to test the legality of his detention."

In some cases, a Section 2241 Habeas Petition, which is barred by the exclusive remedy rule, can simply be construed to be a Motion under Section 2255.  Then, the matter can be transferred to the Trial Court in order that the prisoner's claims can be addressed on the merits there.  In this case, however, the Petitioner is precluded from seeking relief under Section 2255, because he has already filed a Section 2255 Motion in the Trial Court.  Any new Section 2255 proceeding, that the Petitioner might now attempt to pursue, would have to be treated as a "second or successive" application for relief which, under the Anti-terrorism and Effective Death Penalty Act, could not be entertained by the Trial Court without the prior approval of the United States Court of Appeals for the Seventh Circuit.  See, <u>Title 28 U.S.C. §2244(b)(3)</u>; <u>Title 28 U.S.C. §2255</u>, at ¶8.[2]

---

[2]As pertinent, Title 28 U.S.C. §2255 [¶8] provides as follows:

> A second or successive motion [under Section 2255] must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –
>
> (1)     newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no factfinder would have found the movant guilty of the offense; or
>
> (continued...)

Without a pre-authorization Order, from the appropriate Court of Appeals, a Trial Court cannot exercise jurisdiction over a second or successive Section 2255 Motion.  Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996); see also, Boykin v. United States, 2000 WL 1610732 (8th Cir., October 30, 2000).  Since the Petitioner has not obtained a pre-authorization Order from the United States Court of Appeals for the Seventh Circuit, the Trial Court may not entertain a new Section 2255 Motion at this time.  Id.  As a result, it would be inappropriate to construe the present Habeas Corpus Petition as a Section 2255 Motion, and then attempt to transfer the matter to the Trial Court in which the Petitioner was convicted and sentenced.

It also appears that any Section 2255 Motion, that the Petitioner might attempt to bring before the Trial Court at this time, would be time-barred under the one-year

---

[2](...continued)
> (2)     a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

In turn, as relevant, Title 28 U.S.C. §2244(b)(3) provides:

> (A)     Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

statute of limitations applicable to Section 2255 Motions.   Title 28 U.S.C. §2255(6). For this additional reason, it would be inappropriate to construe the current Petition as a Section 2255 Motion, and then transfer it to the Trial Court.

Furthermore, it appears that the Petitioner may have deliberately elected to seek relief under the Section 2241 Habeas Corpus statute, based on a belief that the remedy provided by Section 2255 is "inadequate or ineffective to test the legality" of his conviction and sentence.  Apparently, he erroneously believes that his current Petition is exempt from Section 2255's exclusive remedy because of the savings clause, and that he can challenge his sentence in a Habeas proceeding, because he is not presently eligible for relief under Section 2255.  Such reasoning, however, is misguided.

The procedural rules that limit the availability of relief under Section 2255 would be rendered meaningless if a prisoner, who is procedurally barred from bringing a Section 2255 Motion, could simply argue that the remedy provided by that statute has become "inadequate or ineffective," and that he should, therefore, be allowed to bring his claims in a Section 2241 Habeas Corpus Petition.  Congress could not have intended that the procedural limitations, on Section 2255 Motions, could be so easily eluded.  Accordingly, our Court of Appeals has held that Section 2255 will not be viewed as inadequate or ineffective "merely because [Section] 2255 relief has already

been denied, * * * or because Petitioner has been denied permission to file a second or successive [Section] 2255 motion, * * * or because a second or successive [Section] 2255 motion has been dismissed, * * * or because Petitioner has allowed the one year statute of limitations and/or grace period to expire." United States v. Lurie, 207 F.3d 1075, 1077 (8th Cir. 2000) [citations omitted]; see also, United States ex rel. Perez v. Warden, FMC Rochester, 286 F.3d 1059, 1061-62 (8th Cir. 2002), cert. denied, 537 U.S. 869 (2002)(reaffirming that Section 2255 is not rendered inadequate or ineffective by operation of the procedural limitations on Section 2255 Motions), Hill v. Morrison, supra at 1091 ("[I]n order to establish a remedy is 'inadequate or ineffective' under [Section] 2255, there must be more than a procedural barrier to bringing a [Section] 2255 petition.").

"A federal prisoner should be permitted to seek habeas corpus [under Section 2241] only if he had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed" after he had an opportunity to seek relief under Section 2255. In re Davenport, 147 F.3d 605, 611 (7th Cir. 1998). In other words, "[Section] 2255 is not inadequate or ineffective," thereby allowing a prisoner to challenge his conviction or sentence in a Section 2241

- 9 -

Habeas Corpus Petition, "where a petitioner had any opportunity to present his claim beforehand." Abdullah v. Hedrick, supra at 963.

Here, it is plain that, at least to the extent that the Petitioner's current claims do **not** rely on Booker, he cannot seek Habeas Corpus relief under Title 28 U.S.C. §2241. To the extent that the Petitioner's claims are **not** based on Booker, he could have raised them in a direct appeal, or in a proper, and timely, Section 2255 Motion. Therefore, he cannot claim that Section 2255 has become "inadequate or ineffective" simply because he previously failed to pursue those claims, and he is now barred from raising them, under Section 2255, by reason of the statute of limitations that Congress has imposed on Section 2255 Motions.

We fully recognize, of course, that the Petitioner's current claims for relief are based primarily on the Booker decision, and we further recognize that Booker had not yet been issued when the Petitioner could have filed a direct appeal, or when he could have filed a timely Section 2255 Motion. This does not mean, however, that Section 2255 must be viewed as an "inadequate or ineffective remedy" as to any of the Petitioner's current claims that are based on Booker.

In United States ex rel. Perez v. Warden, FMC Rochester, supra at 1062, our Court of Appeals held that Federal prisoners cannot bring claims, based upon the

Supreme Court's decision in <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000) -- which

is the direct precursor of <u>Booker</u> -- in a Section 2241 Habeas Corpus Petition because,

even though "a federal prisoner may never ventilate an <u>Apprendi</u> issue in a [Section]

2255 motion," Section 2255 is not considered to be an inadequate or ineffective

remedy for such claims.  The Court explained its ruling as follows:

> [Appellants] contend [Section] 2255 is inadequate or
> ineffective because it is the impediment to the relief they
> seek.  But this is not so.  Their true impediment is <u>Apprendi</u>
> itself, not the remedy by [Section]  2255 motion.  To be
> more precise, appellants are hamstrung because the
> Supreme Court has not yet ruled (and indeed may never
> rule) that <u>Apprendi</u> applies retroactively to past criminal
> convictions. Neither * * * [of the appellants] may raise an
> <u>Apprendi</u> claim in a second [Section] 2255 motion unless
> and until <u>Apprendi</u> applies retroactively.

<u>Id</u>.

The Court further went on to explain, as follows:

> Appellants' attempts to gain relief [under <u>Apprendi</u>] have
> not been hampered by the [Section] 2255 remedy itself.
> Rather, they cannot presently obtain relief because the
> constitutional doctrine announced in <u>Apprendi</u> has not been
> made retroactive by the Court.

<u>Id</u>.

The Court's reasoning, in <u>Perez</u>, is directly applicable to the Petitioner's current claims

based on <u>Booker</u>.  If <u>Booker</u> had established a new rule of constitutional law, which

- 11 -

was made retroactive to cases on collateral review by the Supreme Court, then the

Petitioner presumably would have been accorded a new one-year limitations period in

which to raise his Booker claims in a Section 2255 Motion.  See, Title 28 U.S.C. §

2255, at ¶8(2) and ¶6(3).

However, Booker cannot be applied retroactively on collateral review.  In Never

Misses A Shot v. United States,  413 F.3d 781 (8th Cir. 2005), our Court of Appeals

held that Booker is **not** retroactively applicable on collateral review.  The Court

specifically stated that "the 'new rule' announced in Booker does not apply to criminal

convictions that became final before the rule was announced, and thus does not benefit

movants in collateral proceedings."  Id. at 783; see also, United States v. Hernandez,

436 F.3d 851, 854 (8th Cir. 2006), cert. denied, --- U.S. ---, 2006 WL 1135672 (U.S.,

May 30, 2006).

As the Court further explained, in Perez, it is the absence of retroactive

applicability -- not any deficiency in the remedy provided by Section 2255 -- that

precludes the Petitioner from raising his Booker claims in a Section 2255 motion.

According to Perez:

> [Section] 2255 is not inadequate or ineffective simply
> because a new constitutional doctrine which could reduce
> a federal prisoner's existing sentence cannot be applied

> retroactively * * *[; but rather it is] the new constitutional doctrine's non-retroactivity * * * [that] prevents the federal prisoner from correcting his sentence.   Of course, that impediment cannot be charged to the [Section] 2255 remedy.

United States ex rel. Perez v. Warden, FMC Rochester, supra at 1062.

Therefore, even though the Petitioner's current claims are based, at least in part, on Booker, and even though that case was not decided until after the Petitioner's conviction and sentence became final, it cannot be said that the remedy provided by Section 2255 is "inadequate or ineffective" as to those claims.   In other words, the "Petitioner cannot claim, even with respect to his * * * Booker claims, that the remedy provided by [Section] 2255 is 'inadequate or ineffective,'" and that he should, therefore, be allowed to raise such claims in a Section 2241 Habeas Petition.   Tineo v. LeBlanc, 2005 WL 740520 at *2 (D. Minn., March 31, 2005); see also, Wiley v. United States, 2006 WL 208782 at *1 (D. Minn., January 26, 2006).

Finally, we recognize that the Petitioner attempts to overcome the Section 2255 exclusive remedy rule by arguing that he is "actually innocent" of the sentence he received.   However, the Petitioner's "actual innocence" argument is foreclosed by the holding of  Abdullah v. Hedrick, supra.   In that case, our Court of Appeals held that an actual innocence argument, by itself, does not automatically invoke the Section

- 13 -

2255 savings clause. <u>Id.</u> at 963.   An actual innocence argument can be raised in a Section 2241 Habeas Petition only if the Petitioner never had a prior opportunity to raise that argument.   <u>Id.</u> at 960 ("§2255 was not inadequate or ineffective to raise Abdullah's claim because * * *   regardless of his ability to demonstrate actual innocence, Abdullah did have an unobstructed opportunity to raise his claim").

Here, as in <u>Abdullah v. Hedrick</u>, supra, the Petitioner had a prior opportunity to present his actual innocence arguments on direct appeal, and in his initial Section 2255 Motion.  Indeed, much of the argument advanced by the Petitioner in his current Petition is merely a reiteration of the arguments he presented in his direct appeal to the Court of Appeals for the Seventh Circuit -- i.e., that his sentence enhancement should be set aside, because the evidence allegedly does not support the conclusion that he possessed a weapon in connection with his drug offense.   See, <u>United States v. Bjorkman</u>, supra at 493-94.

As our Court of Appeals noted in <u>Abdullah v. Hedrick</u>, supra:

> [T]he Due Process Clause of our Constitution does not require that a petitioner have more than one unobstructed procedural opportunity to challenge his conviction.  "That does not mean he took the shot, or even that he or his attorney recognized the shot was there for the taking.  All the Constitution requires, if it requires that much, is that the procedural opportunity have existed."

Id. at 963, quoting Wolford v. Scott, 177 F.3d 1236, 1244 (11th Cir. 1999).

As in Abdullah, the Petitioner has already had at least one opportunity to litigate his actual innocence argument, and, accordingly, he is not entitled to another one.

We also recognize the Petitioner's repeated contention that the holding in Booker somehow allows him a new opportunity to argue that he is "actually innocent" of possessing a dangerous weapon in connection with his drug offense. However, we reject that contention, because we find no apposite correlation between Booker and the Petitioner's actual innocence claim. Booker obviously did not change the evidence that caused the Petitioner's sentence to be enhanced. Nor did Booker bring about any change in the substantive law governing sentence enhancements. The Booker decision merely altered the constitutional standards and procedures to be used for determining the facts and circumstances that bear on sentencing. Because Booker did not alter the legal significance of the Petitioner's conduct, Booker itself does not cause the Petitioner to be "actually innocent" of the sentence he received.

Since the "inadequate or ineffective remedy" exception is not available to the Petitioner, his present Section 2241 Habeas Corpus Petition, which challenges his 1999 Federal criminal sentence, cannot be entertained here. See, Bauer v. Ashcroft, 2003 WL 541692 at *2 (D. Minn., February 19, 2003). Accordingly, we recommend that

the Petition for a Writ of Habeas Corpus be summarily dismissed for lack of jurisdiction. See, <u>DeSimone v. Lacy</u>, supra at 323-24 (Section 2241 Habeas Petition challenging Judgment entered in a prior criminal case was properly dismissed for lack of subject matter jurisdiction, where the petitioner had not demonstrated that a Section 2255 Motion was an inadequate or ineffective remedy); <u>Abdullah v. Hedrick</u>, supra at 964 ("Because Abdullah did not show that [Section] 2255 was inadequate or ineffective, the district court correctly concluded that it had no jurisdiction to consider his claim in a [Section] 2241 petition.").

Lastly, having determined that this action must be dismissed for lack of jurisdiction, we recommend that the Petitioner's Motion For Grand Jury Transcripts, <u>Docket No. 2</u>, also be summarily dismissed, as moot.

NOW, THEREFORE, It is –

RECOMMENDED:

1.    That the Petitioner's Petition for a Writ of Habeas Corpus [Docket No. 1], be summarily dismissed for lack of jurisdiction.

    2.     That the Petitioner's Motion for Grand Jury Transcripts [Docket No. 2], be denied, as moot.

Dated: June 22, 2006              s/Raymond L. Erickson

                                    Raymond L. Erickson
                                    CHIEF U.S. MAGISTRATE JUDGE

# N O T I C E

    Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than July 10, 2006**, a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections.  Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

    If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than July 10, 2006**, unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.

- 17 -